By the Court.—Sedgwick, Ch. J.
The action was by a judgment creditor of William N. Griswold. The complaint alleged that the defendant, the Union Trust Company, had an account with Griswold, of *25 money deposited by Mm with them, and a certain sum was then due to him on that account; that Harriet E. Griswold, the present appellant, claimed that the said money belonged to her as being deposited in trust for her by William N. Griswold, her husband ; that in fact the money so deposited was the money of the husband, and asked judgment that the Trust Company pay the money due on the account to the plaintiff, in payment pro tanto of the judgment.
William N. Griswold was served, but failed to answer.
The appellant answered, claiming that the money due on the account belonged to her, as representing money belonging to her, deposited in trust for her.
The judgment was for the plaintiff.
The learned counsel for the appellant urged, that the plaintiff was bound to show that no other parties than the judgment debtor were the beneficiaries of the deposit, and that it was not enough to entitle her to judgment, that it appeared that the appellant was not a beneficiary. This proposition has no value in this case, because the defendant’s witness testified, that no one but the appellant was interested in the fund. He declared, in effect, that the balance of the account was wholly of money belonging to her.
It appeared on the trial for the plaintiff that the moneys, with others, had been deposited by the judgment debtor in fact, and that the account was with “ William N. Griswold in trust.” There was no designation of any kind of trust, or of any person for whose benefit the trust was asserted. The chose in action which this action sought to appropriate, consisted of an obligation by the bank to the judgment debtor personally, and would remain such, in its character, until legally applied to the legitimate claim of a third person. If these were all the facts, the plaintiff would be entitled to judgment without further proof. The appellant, therefore, was on the *26 trial bound to establish affirmatively that equitably the balance of the account should be paid to her, as being the remainder of moneys belonging to her.
To support the judgment below, it would be sufficient if the judge found that the appellant had not established, by credible witnesses, that her money had been deposited. The judge did find that the balance represented moneys belonging to the judgment debtor. It is not material that this was found as a conclusion of law. This finding must be sustained and must uphold the judgment. It was supported by the facts which have been referred to as showing, prima faciei a cause of action in the plaintiff. It was further supported by the determination of the judge as to the credibility of defendant’s witness, and by his exercise of the power to accept or reject, wholly or partly, the testimony of the judgment-debtor, called as a witness for defendant. The judge had the right to determine whether the particular -facts that he deemed to be established were consistent or inconsistent with the trust that the defendant claimed existed in her behalf. It was the duty of the judge to consider what was signified by the defendant not testifying as a witness in - her own behalf. She must have known of the existence or non-existence of facts which would show whether or not her husband was a trustee for her.
A question put to the witness Van Pelt was objected to. The answer that was made did not injure the plaintiff, for it consisted of a narration of a conversation between the witness and the judgment-debtor, which contained declarations by the latter in accordance with his testimony as a witness. There was a part of the answer that was irresponsive to the question and for which the plaintiff was not accountable.
I am of opinion, that the judgment should be affirmed with the costs.
The order appealed from that amended the com *27 plaint was not injurious to the defendant, and was properly granted in the discretion of the Court.
The order. appealed from is affirmed with $10 costs.
Freedman, J., concurred.